| | |
|---|---|
| 1 | COOLEY GODWARD KRONISH LLP |
| | JOHN C. DWYER (No. 136533) (jdwyer@cooley.com) |
| 2 | MAUREEN P. ALGER (No. 208522) (malger@cooley.com |
| | MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com) |
| 3 | REUBEN H. CHEN (No. 228725) (rchen@cooley.com) |
| | Five Palo Alto Square, 3000 El Camino Real |
| 4 | Palo Alto, CA  94306-2155 |
| | Telephone:     (650) 843-5000 |
| 5 | Facsimile:       (650) 857-0663 |
| 6 | Attorneys for Plaintiffs |
| | Santillan, et al. |
| 7 | |
| | THE LAW OFFICE OF JAVIER N. MALDONADO, PC |
| 8 | JAVIER N. MALDONADO (*Pro Hac Vice*) |
| | (jmaldonado.law@gmail.com) |
| 9 | 601 Howard |
| | San Antonio, TX 78212 |
| 10 | Telephone:     (210) 277-1603 |
| | Facsimile:       (210) 225-3958 |
| 11 | |
| | Attorney for Plaintiffs |
| 12 | Santillan, et al. and Padilla, et al. |
| 13 | |
| | JOANN M. SWANSON (CSBN  88143) |
| 14 | Acting United States Attorney |
| | EDWARD A. OLSEN (CSBN 214150) |
| 15 | Assistant United States Attorney |
| | 450 Golden Gate Avenue, Box 36055 |
| 16 | San Francisco, CA 94102 |
| | Telephone:     (415) 436-6915 |
| 17 | Facsimile:       (415) 436-7169 |
| 18 | JEFFREY S. BUCHOLTZ |
| | United States Department of Justice |
| 19 | Acting Assistant Attorney General, Civil Division |
| | MARK C. WALTERS, MSB |
| 20 | Assistant Director |
| | Office of Immigration Litigation |
| 21 | ELIZABETH J. STEVENS, (VSBN 47745) |
| | Senior Litigation Counsel |
| 22 | STEPHEN J. FLYNN (VSBN 31879) |
| | Senior Litigation Counsel |
| 23 | P.O. Box 878, Ben Franklin Station |
| | Washington D.C. 20044 |
| 24 | Telephone:     (202) 616-9752 |
| | Facsimile:       (202) 305-7000 |
| 25 | |
| | Attorneys for Defendants |
| 26 | Mukasey, et al. and Ridge, et al. |
| 27 | |
| 28 | |

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

746128/PA

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SANTILLAN, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>MICHAEL B. MUKASEY,[1] Attorney General of the United States, et al.,<br><br>   Defendants;<br><br>and related case<br><br>TERESA D. PADILLA, et al.,<br><br>   Plaintiffs<br><br> v.<br><br>TOM RIDGE, Secretary of Homeland Security, et al.,<br><br>   Defendants. | Case No. C-04-2686 MHP<br><br>Case No. C-08-1531 MHP<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND APPROVAL OF NOTICE TO CLASS MEMBERS OF PROPOSED SETTLEMENT**<br><br>**CLASS ACTION**<br><br>**ADMINISTRATIVE PROCEDURE ACT CASE**<br><br>Hearing Date: June 16, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15 |

NOTICE IS HEREBY GIVEN that on June 16, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 15, Plaintiffs Maria Santillan, et al and Defendants Michael B. Mukasey, et al., and Plaintiffs Teresa D. Padilla, et al. and Defendants Tom Ridge, et al., will and hereby do move the Court for entry of an Order:

 1. Preliminarily approving the attached Stipulation and Agreement of Settlement and Release ("Settlement"). (Chen Decl. Ex. A.)

 2. Approving the attached Notice of Proposed Settlement Agreement and Hearing in Class Action concerning Issuance of Permanent Resident Documentation to

---

[1] At the time this suit was originally filed, John Ashcroft was the Attorney General of the United States. On November 9, 2007, Michael B. Mukasey was sworn in as the Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure 25(d), Michael B. Mukasey should be substituted as a party. *See* Fed. R. Civ. P. 25(d) (providing for automatic substitution of a public officer's successor "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending."

1         Individuals Granted Status by the Executive Office for Immigration Review
2         ("Notice of Proposed Settlement").  (Chen Decl. Ex. B.)

3   3.  Finding that the following satisfies the notice requirements of Federal Rule of
4         Civil Procedure 23(e)(1)(B):  (i) posting the Notice of Proposed Settlement and
5         proposed Settlement in appropriate places on the United States Citizenship and
6         Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"),
7         and Department of Justice ("DOJ") / Executive Office for Immigration Review
8         ("EOIR") public websites, and (ii) distributing the Notice of Proposed Settlement
9         and the proposed Settlement within three (3) business days of the date of the
10        Court's preliminary approval of the Stipulation, to all immigration assistance
11        providers listed on the Roster of Recognized Organizations and Accredited
12        Representatives maintained by EOIR pursuant to 8 C.F.R. §§ 292 and 1292, and
13        the Pro Bono Program section of the EOIR website.

14   4.  Setting a fairness hearing for final determination on whether the Settlement is fair,
15        reasonable, and adequate.

16   This motion is based on the memorandum of points and authorities, *infra*, and the
17 Declaration of Reuben H. Chen filed herewith in support of this motion.  This motion is jointly
18 filed by the parties in *Santillan, et al. v. Mukasey, et al.*, No. C-04-2686 MHP (the "*Santillan*
19 case") and by the parties in *Padilla, et al. v. Ridge, et al.*, No. C-08-1531 MHP ( the "*Padilla*
20 case").  Contemporaneously herewith, the parties have filed a Joint Motion to Consolidate the
21 *Santillan* and *Padilla* Cases and to Re-certify the Class.

22
23
24
25
26
27
28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

746128/PA         2.        **CASE NO. C-04-2686 MHP**
                                                      **CASE NO. C-08-1531 MHP**

## I. INTRODUCTION AND BACKGROUND

On July 6, 2004, Plaintiffs Maria Santillan, et al. filed an action seeking class certification and declaratory and injunctive relief for persons who had been or will be granted Lawful Permanent Resident ("LPR") status by EOIR and to whom the USCIS has not issued evidence of status as an LPR. On October 12, 2004, this Court certified that the *Santillan* case would proceed as a class action. On August 24, 2005, this Court issued its Order granting the *Santillan* Plaintiffs' Motion for Summary Judgment and denying Defendants' Motion for Summary Judgment, and on December 22, 2005, this Court issued a Permanent Injunction. Subsequently, Defendants filed an appeal to the Ninth Circuit (Docket No. 06-15366). Following negotiations conducted under the auspices of the Ninth Circuit's mediation program, the parties have now reached a mutually agreeable settlement, and seek this Court's preliminary approval of the proposed Settlement and this Court's approval of the Notice of Proposed Settlement pursuant to Federal Rule of Civil Procedure 23(e).[2]

The proposed Settlement combines the pre and post April 1, 2005 subclasses in the *Santillan* case and encompasses the plaintiff class in the *Padilla* case, which was transferred from the Southern District of Texas and related to the *Santillan* case by this Court's April 9, 2008 Order. Contemporaneously herewith, the parties have filed a Joint Motion to Consolidate the *Santillan* and *Padilla* Cases and to Re-certify the Class, asking that this Court re-certify the class as follows:

> All persons who have been or will be granted lawful permanent resident status prior to termination of this Stipulation by the EOIR, through the Immigration Courts or the BIA, and to whom the USCIS has failed to issue evidence of registration as a lawful permanent resident, with the exception that the class excludes the 34 named plaintiffs in *Lopez-Amor v. U.S. Attorney General*, No 04-CV-21685 (S.D. Fla.).[3]

---

[2] *See* Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2006) § 10:818 ("court ordinarily holds a preliminary hearing to determine whether there is a likelihood it could approve the settlement before conducting a full 'fairness hearing.'").

[3] This Court previously certified a pre-April 1, 2005 subclass consisting of "all those person who were or will be granted lawful permanent resident status by the EOIR under regulations in effect prior to April 1, 2005 through the Immigration Courts or the Board of Immigration Appeals of the United [S]tates, and to whom USCIS has failed to issue evidence of registration as a lawful

II. **PROPOSED SETTLEMENT**

As set forth in the proposed Settlement, the parties have agreed to preservation of this Court's summary judgment Order, but have conditioned the Settlement on this Court's vacatur of its Permanent Injunction. (Chen Decl. Ex. A at ¶ II.3.) The proposed Settlement preserves much of the procedures and accelerates the timing for issuance of LPR documentation to class members set forth in the Permanent Injunction while offering additional advantages to the parties including avoiding the expense, burden, and risk of further litigation. This section highlights the key features of the Settlement.

A. **Post-order Instructions and Communication Between ICE and USCIS**

As with the Permanent Injunction, the proposed Settlement provides that class members who have a final EOIR order granting LPR status will receive post-order instructions for obtaining documentation of LPR status from the USCIS, and that ICE will provide the USCIS with certain necessary information regarding the EOIR's grant of LPR status for the USCIS to process class members' LPR documentation. (Chen Decl. Ex. A at ¶ III.9.)

B. **Timing of Issuance of LPR Documentation**

Under the proposed Settlement, the USCIS is required to issue a Permanent Resident Card ("PRC") within 30 business days from a class member's initial USCIS InfoPass appointment, for documentation after the EOIR order is final, or within 15 business days from capture of a class member's biometrics at an Application Support Center ("ASC") following the EOIR order, whichever date is later. (Chen Decl. Ex. A at ¶ III.10.) This is slightly different than the time periods established in the Permanent Injunction, which sets different time frames for issuing LPR documentation for post-April 1 subclass members and pre-April 1 subclass members.[4] By

---

permanent resident, with the exception that the class excludes the 34 named plaintiffs in *Lopez-Amor v. United States Attorney General*, No. 04-CV-21685 (S.D.Fla.) and the plaintiff class in *Padilla v. Ridge*, No. M 03-126 (S.D. Tex.)" and a post-April 1, 2005 subclass "identical to the first subclass, with the sole difference that the persons in the second subclass were or will be granted lawful permanent resident status by the EOIR under regulations in effect on April 1, 2005 or thereafter." (8/24/05 Order (Docket # 137) at 10.) The proposed definition combines the pre and post April 1, 2005 subclasses and adds the plaintiff class in the *Padilla* case.

[4] Under the Permanent Injunction, the USCIS is required to issue a PRC within 15 days of capture

1    applying the same time frame requirements to both the pre and post April 1, 2005 subclasses, the
2    Settlement reduces the 60-day maximum time period applicable to the pre-April 1 subclass
3    members under the existing Permanent Injunction.

4          As with the Permanent Injunction, if a class member has not received LPR documentation
5    within the prescribed time limits, the class member may contact a USCIS national point of
6    contact ("POC"). Within 21 business days after a class member contacts the POC, the USCIS is
7    required to issue a PRC to the class member; otherwise, the class member may appear without an
8    appointment at a local USCIS office to receive temporary LPR documentation. (Chen Decl. Ex.
9    A at ¶¶ III.17-20.)

10         Additionally, the proposed Settlement provides that a class member may request
11   temporary LPR documentation at any InfoPass appointment upon showing an emergency need to
12   travel abroad or an emergency need to demonstrate employment eligibility. (Chen Decl. Ex. A at
13   ¶ III.23.) The Permanent Injunction does not contain a comparable provision for emergency
14   documentation.

15         **C.    National Security Exception**

16         The parties have also agreed to a national security exception under the proposed
17   Settlement. Specifically, the Settlement provides that if Defendants possess specific and
18   particular information that a class member poses a risk to national security or public safety,
19   Defendants may withhold LPR documentation from the class member so long as the USCIS
20   Director or Deputy Director certifies in writing that (a) Defendants possess specific and particular
21   information that the class member may be a risk to national security or public safety; (b) he or she
22   has reviewed and considered such information; and (c) he or she approves the decision to
23   withhold LPR documentation. (Chen Decl. Ex. A at ¶ III.22.)

---

26   of a post-April 1, 2005 subclass member's biometrics at an Application support Center or 30 days
     from the subclass member's initial USCIS InfoPass appointment, whichever date is later. For
27   pre-April 1, 2005 subclass members, the USCIS is required to issue a PRC within 15 days of
     capture of a subclass member's biometrics at an Application support Center or 60 days from the
28   subclass member's initial USCIS InfoPass appointment.

**D.    Defendants' Reporting Obligations**

The proposed Settlement provides that Defendants will provide quarterly reports to class counsel for two years following the effective date of the Settlement. The reports will list class members who have contacted the POC during the reporting period, but who have not been issued LPR documentation by the due date of the quarterly report. The reports will also list the number of times, if any, during the reporting period that LPR documentation was withheld based on the national security exception. (Chen Decl. Ex. A at ¶¶ IV.24-25.)

**E.    Dispute Resolution Procedures**

Under the proposed Settlement, a class member has two options in the event of a breach of the Settlement. If certain requirements are met, a class member, represented by class counsel, may bring a "Class Claim." This Court will have exclusive jurisdiction to hear "Class Claims." (Chen Decl. Ex. A at ¶¶ V.26-27.) The Settlement also provides that a class member who has exhausted all of the procedures and time periods for obtaining LPR documentation required by the Settlement but who has yet to obtain such documentation, may bring an "Individual Claim" in this Court or any other Federal District Court with jurisdiction over the parties. (Chen Decl. Ex. A at ¶¶ V.28-29.)

**III.    NOTICE OF PROPOSED SETTLEMENT**

Defendants will provide notice to class members of the proposed Settlement by: (i) posting the Notice of Proposed Settlement and proposed Settlement in appropriate places on the USCIS, ICE, and DOJ/EOIR public websites, and (ii) distributing the Notice of Proposed Settlement and proposed Settlement, within three (3) business days of the date of the Court's preliminary approval of the Settlement, to all immigration assistance providers listed on the Roster of Recognized Organizations and Accredited Representatives maintained by EOIR pursuant to 8 C.F.R. §§ 292 and 1292, and the Pro Bono Program section of the EOIR website. The parties' agreed upon Notice of Proposed Settlement is attached. (Chen Decl. Ex. B.)

**IV.    NO SIDE AGREEMENTS**

Pursuant to Federal Rule of Civil Procedure 23(e)(2), the parties declare that there are no other agreements made in connection with the proposed Settlement.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

746128/PA

6.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

## V. CONCLUSION

Based on the foregoing, the parties respectfully request that this Court enter an order preliminarily approving the proposed Settlement, approving the Notice of Proposed Settlement, and setting a date for a fairness hearing. A proposed order is attached.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

746128/PA

7.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

| | | |
|---|---|---|
| 1 | Dated: April 14, 2008 | Respectfully submitted, |
| 2 | | COOLEY GODWARD KRONISH LLP |

*/s/ Reuben H. Chen*
John C. Dwyer (jdwyer@cooley.com)
Maureen P. Alger (malger@cooley.com)
Michelle S. Rhyu (mrhyu@cooley.com)
Reuben H. Chen (rchen@cooley.com)

Attorneys for Plaintiffs
Santillan, et al.

Dated: April 14, 2008            THE LAW OFFICE OF JAVIER N. MALDONADO, PC

*/s/ Javier N. Maldonado (with permission)*
Javier N. Maldonado (jmaldonado@gmail.com)

Attorney for Plaintiffs
Santillan, et al. and Padilla, et al.

Dated: April 14, 2008            Respectfully submitted,

*/s/ Elizabeth J. Stevens (with permission)*
JOANN M. SWANSON
Acting United States Attorney
EDWARD A. OLSEN
Assistant United States Attorney

JEFFREY S. BUCHOLTZ
United States Department of Justice
Acting Assistant Attorney General,
Civil Division
MARK C. WALTERS
Assistant Director
Office of Immigration Litigation
ELIZABETH J. STEVENS
Senior Litigation Counsel
STEPHEN J. FLYNN
Senior Litigation Counsel

Attorneys for Defendants
Mukasey, et al. and Ridge, et al.