1   COOLEY GODWARD KRONISH LLP
    JOHN C. DWYER (No. 136533) (jdwyer@cooley.com)
2   MAUREEN P. ALGER (No. 208522) (malger@cooley.com)
    MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
3   REUBEN H. CHEN (No. 228725) (rchen@cooley.com)
    Five Palo Alto Square, 3000 El Camino Real
4   Palo Alto, CA  94306-2155
    Telephone:     (650) 843-5000
5   Facsimile:     (650) 857-0663

6   Attorneys for Plaintiffs
    Santillan, et al.
7
    THE LAW OFFICE OF JAVIER N. MALDONADO, PC
8   JAVIER N. MALDONADO (*Pro Hac Vice*)
    (jmaldonado.law@gmail.com)
9   601 Howard
    San Antonio, TX 78212
10  Telephone:     (210) 277-1603
    Facsimile:     (210) 225-3958
11
    Attorney for Plaintiffs
12  Santillan, et al. and Padilla, et al.

13
    JOANN M. SWANSON (CSBN  88143)
14  Acting United States Attorney
    EDWARD A. OLSEN (CSBN 214150)
15  Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
16  San Francisco, CA 94102
    Telephone:     (415) 436-6915
17  Facsimile:     (415) 436-7169

18  JEFFREY S. BUCHOLTZ
    United States Department of Justice
19  Acting Assistant Attorney General, Civil Division
    MARK C. WALTERS, MSB
20  Assistant Director
    Office of Immigration Litigation
21  ELIZABETH J. STEVENS, (VSBN 47745)
    Senior Litigation Counsel
22  STEPHEN J. FLYNN (VSBN 31879)
    Senior Litigation Counsel
23  P.O. Box 878, Ben Franklin Station
    Washington D.C. 20044
24  Telephone:     (202) 616-9752
    Facsimile:     (202) 305-7000
25
    Attorneys for Defendants
26  Mukasey, et al. and Ridge, et al.

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO                          771710/PA

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

1                    UNITED STATES DISTRICT COURT

2                NORTHERN DISTRICT OF CALIFORNIA

3                     SAN FRANCISCO DIVISION

| | |
|---|---|
| 4  MARIA SANTILLAN, et al., | Case No. C-04-2686 MHP |
| 5              Plaintiffs, | Case No. C-08-1531 MHP |
| 6       v. | |
|     MICHAEL B. MUKASEY,[1]  Attorney | **JOINT MOTION TO CONSOLIDATE** |

*MICHAEL B. MUKASEY,[1]  Attorney General of the United States, et al.,*

          Defendants;

and related case

TERESA D. PADILLA, et al.,

          Plaintiffs

       v.

TOM RIDGE, Secretary of Homeland Security, et al.,

          Defendants.

**JOINT MOTION TO CONSOLIDATE THE *SANTILLAN* AND *PADILLA* CASES AND TO RE-CERTIFY THE CLASS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 42(a)(2) AND 23**

**CLASS ACTION**

**ADMINISTRATIVE PROCEDURE ACT CASE**

Hearing Date:  June 16, 2008
Time:  2:00 p.m.
Courtroom:  15

     NOTICE IS HEREBY GIVEN that on June 16, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 15, Plaintiffs Maria Santillan, et al and Defendants Michael B. Mukasey, et al., and Plaintiffs Teresa D. Padilla, et al. and Defendants Tom Ridge, et al., will and hereby do move the Court for entry of an Order:

         1.     Consolidating *Padilla, et al. v. Ridge, et al.*, No. C-08-1531 MHP ( the "*Padilla* case") with *Santillan, et al. v. Mukasey, et al.*, No. C-04-2686 MHP (the "*Santillan* case").

         2.     Decertify the previously certified classes in the *Santillan* and *Padilla* cases and

---

[1] At the time this suit was originally filed, John Ashcroft was the Attorney General of the United States.  On November 9, 2007, Michael B. Mukasey was sworn in as the Attorney General of the United States.  Pursuant to Federal Rule of Civil Procedure 25(d), Michael B. Mukasey should be substituted as a party.  *See* Fed. R. Civ. P. 25(d) (providing for automatic substitution of a public officer's successor "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending."

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

771710/PA

1.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

1    certifying a single class consisting of:

2    All persons who have been or will be granted lawful permanent resident
3    status prior to termination of this Stipulation by the EOIR, through the
     Immigration Courts or the BIA, and to whom the USCIS has failed to issue
4    evidence of registration as a lawful permanent resident, with the exception
     that the class excludes the 34 named plaintiffs in *Lopez-Amor v. U.S.*
5    *Attorney General*, No 04-CV-21685 (S.D. Fla.).

6        This motion is based on the memorandum of points and authorities, *infra*, and the

7    Declaration of Reuben H. Chen filed herewith in support of this motion.  This motion is jointly

8    filed by the parties in *Santillan, et al. v. Mukasey, et al.*, No. C-04-2686 MHP (the "*Santillan*

9    case") and by the parties in *Padilla, et al. v. Ridge, et al.*, No. C-08-1531 MHP ( the "*Padilla*

10   case").  Contemporaneously herewith, the parties have filed a Joint Motion for Preliminary

11   Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed

12   Settlement.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cooley Godward LLP
Attorneys At Law
Palo Alto

771710/PA

2.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

## I.     INTRODUCTION AND BACKGROUND

As explained in the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed Settlement, filed contemporaneously herewith, the parties have reached a mutually agreeable settlement, and seek this Court's preliminary approval of the proposed Settlement and this Court's approval of the Notice of Proposed Settlement pursuant to Federal Rule of Civil Procedure 23(e).  Because the proposed Settlement combines the pre and post April 1, 2005 subclasses in the *Santillan* case and encompasses the plaintiff class in the *Padilla* case, the parties seek to consolidate the *Santillan* and *Padilla* cases and to re-certify the class as follows:

> All persons who have been or will be granted lawful permanent resident status prior to termination of this Stipulation by the EOIR, through the Immigration Courts or the BIA, and to whom the USCIS has failed to issue evidence of registration as a lawful permanent resident, with the exception that the class excludes the 34 named plaintiffs in *Lopez-Amor v. U.S. Attorney General*, No 04-CV-21685 (S.D. Fla.).

## II.     CONSOLIDATION OF THE *SANTILLAN* AND *PADILLA* CASES

Federal Rule of Civil Procedure 42(a)(2) states:  "If actions before the court involve a common question of law or fact, the court may . .  consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  This Court has already found that the *Santillan* and *Padilla* cases are related.  (4/9/08 Related Case Order.)   "Thereafter, whether to consolidate the cases is a matter within the discretion of the assigned judge."  Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE:  FED. CIV. PRO. BEFORE TRIAL § 16:144 (The Rutter Group 2008).

As explained in the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed Settlement, filed contemporaneously herewith, the proposed Settlement encompasses the plaintiff class in the *Padilla* case.  Consolidation is therefore necessary to achieve the Settlement and the parties respectfully request that this Court consolidate the cases.

## III.     RE-CERTIFICATION OF THE CLASS

Pursuant to Civil Procedure 23, the parties alo respectfully request that this Court decertify the previously certified classes in the *Santillan* and *Padilla* cases and certifying a single

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

771710/PA

3.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

class consisting of:

> All persons who have been or will be granted lawful permanent resident status prior to termination of this Stipulation by the EOIR, through the Immigration Courts or the BIA, and to whom the USCIS has failed to issue evidence of registration as a lawful permanent resident, with the exception that the class excludes the 34 named plaintiffs in *Lopez-Amor v. U.S. Attorney General*, No 04-CV-21685 (S.D. Fla.).

As explained in the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed Settlement, filed contemporaneously herewith, the proposed Settlement covers all of the previously certified classes in the *Santillan*[2] and *Padilla*[3] cases. Further, the proposed Settlement preserves much of the procedures and accelerates the timing of issuance of LPR documentation to class members set forth in this Court's December 22, 2005 Permanent Injunction while offering additional advantages to the parties. Re-certification is necessary to achieve the Settlement and the parties respectfully request that this Court re-certify the class.

## IV.    CONCLUSION

Based on the foregoing, the parties respectfully request that this Court enter an order granting the parties' Joint Motion to Consolidate the *Santillan* and *Padilla* Cases and to Re-certify the Class. A proposed Order is attached.

---

[2] This Court previously certified a pre-April 1, 2005 subclass consisting of "all those person who were or will be granted lawful permanent resident status by the EOIR under regulations in effect prior to April 1, 2005 through the Immigration Courts or the Board of Immigration Appeals of the United [S]tates, and to whom USCIS has failed to issue evidence of registration as a lawful permanent resident, with the exception that the class excludes the 34 named plaintiffs in *Lopez-Amor v. United States Attorney General*, No. 04-CV-21685 (S.D. Fla.) and the plaintiff class in *Padilla v. Ridge*, No. M 03-126 (S.D. Tex.)" and a post-April 1, 2005 subclass "identical to the first subclass, with the sole difference that the persons in the second subclass were or will be granted lawful permanent resident status by the EOIR under regulations in effect on April 1, 2005 or thereafter." (8/24/05 Order (Docket # 137) at 10.)

[3] As with the *Santillan* class members, the class certified in the *Padilla* case consists of persons who or will be granted lawful permanent resident ("LPR") status by the EOIR and to whom the USCIS has not issued evidence of registration as a lawful permanent resident, except that the *Padilla* class is limited in geographical scope to persons granted LPR status by the Immigration Courts in Harlingen, Houston, and San Antonio or by the Board of Immigration Appeals in cases on appeal from those Immigration Courts. (*See* Exhibit 1, 3/31/04 Order in Padilla v. Ridge, M 03-126 (S.D. Tex.).)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

771710/PA

4.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

Dated:  April 14, 2008                    Respectfully submitted,

                                          COOLEY GODWARD KRONISH LLP


                                          /s/ Reuben H. Chen
                                          John C. Dwyer (jdwyer@cooley.com)
                                          Maureen P. Alger (malger@cooley.com)
                                          Michelle S. Rhyu (mrhyu@cooley.com)
                                          Reuben H. Chen (rchen@cooley.com)


                                          Attorneys for Plaintiffs
                                          Santillan, et al.

Dated:  April 14, 2008                    THE LAW OFFICE OF JAVIER N.
                                          MALDONADO, PC


                                          /s/ Javier N. Maldonado (with permission)
                                          Javier N. Maldonado (jmaldonado@gmail.com)

                                          Attorney for Plaintiffs
                                          Santillan, et al. and Padilla, et al.

Dated:  April 14, 2008                    Respectfully submitted,


                                          /s/ Elizabeth J. Stevens (with permission)
                                          JOANN M. SWANSON
                                          Acting United States Attorney
                                          EDWARD A. OLSEN
                                          Assistant United States Attorney

                                          JEFFREY S. BUCHOLTZ
                                          United States Department of Justice
                                          Acting Assistant Attorney General,
                                          Civil Division
                                          MARK C. WALTERS
                                          Assistant Director
                                          Office of Immigration Litigation
                                          ELIZABETH J. STEVENS
                                          Senior Litigation Counsel
                                          STEPHEN J. FLYNN
                                          Senior Litigation Counsel

                                          Attorneys for Defendants
                                          Mukasey, et al. and Ridge, et al.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

771710/PA

5.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

# Exhibit 1

United States District Court
Southern District of Texas
FILED

MAR 31 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 31 2004

Michael N. Milby, Clerk of Court

TERESA D. PADILLA, ADELA          )
ESPERANZA GARCIA, MARIA DE LA    )
LUZ MATA, SAED ABEL HADI ISMAIL )
SHELBAYEH, ANA RIVERA DE         )
PRINCIPE, SORAYA MOKRY, RAQUEL   )
PATINO HERNANDEZ, BEATRIZ        )
ADRIANA ROSALES, ESPERANZA       )
CASTILLO-BANDA, ENEDELIA         )
PEREZ-CASTILLO, YANIDIA PEREZ-   )
CASTILLO, IDALIA PEREZ-CASTILLO,)
JOSE LUIS PEREZ-CASTILLO,        )
INDIVIDUALLY AND ON BEHALF OF    )
ALL OTHERS SIMILARLY SITUATED    )
PERSONS                          )
                                 )     CIVIL ACTION NUMBER
                                 )
VS.                              )
                                 )
TOM RIDGE, SECRETARY FOR         )
HOMELAND SECURITY, JOHN          )     M-03-126
ASHCROFT, ATTORNEY GENERAL,      )
EDUARDO AGUIRRE, JR., ACTING     )
DIRECTOR FOR THE BUREAU OF       )
CITIZENSHIP AND IMMIGRATION      )
SERVICES, KENNETH PASQUARELL,    )
INTERIM REGIONAL DIRECTOR FOR    )
THE BUREAU OF CITIZENSHIP AND    )
IMMIGRATION SERVICES, ALFONSO    )
DE LEON, INTERIM DISTRICT        )
DIRECTOR FOR THE HARLINGEN       )
BCIS DISTRICT, SHARON HUDSON,    )
INTERIM DISTRICT DIRECTOR FOR    )
THE SAN ANTONIO BCIS DISTRICT,   )
AND HIPOLITO ACOSTA, INTERIM     )
DISTRICT DIRECTOR FOR THE        )
HOUSTON BCIS DISTRICT            )

O R D E R

Having come on to be considered Plaintiffs' Motion for Class

Certification (Docket Entry Number 17) and the Court, after

considering the pleadings on file and the arguments of counsel,

issues the following ruling.

Plaintiffs have filed this case complaining that federal immigration authorities do not issue temporary proof of lawful immigration status to persons granted lawful permanent residency (LPR) status in removal proceedings. Plaintiffs seek declaratory, injunctive and mandamus relief against the Defendants. Plaintiffs originally moved for class certification seeking to represent a class "of all persons who were or will be granted lawful permanent resident status in removal proceedings in the Harlingen, Houston and San Antonio Districts of the Bureau of Citizenship and Immigration Services ('BCIS') and for whom BCIS fails to issue adequate, temporary documentation evidencing lawful permanent resident status."

The Court is of the opinion that the Plaintiffs, pursuant to Rule 23(a), Federal Rules of Civil Procedure, have satisfied the requirements to warrant certification of the below stated class at this time.

It further appears to the Court that this action falls within the category of cases contemplated by Rule 23(b)(2), Federal Rules of Civil Procedure, which states class certification is warranted under said rule if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

In this case, Plaintiffs and class members seek broad equitable relief. The Federal Rules do not expressly require class notice in Rule 23(b)(2) classes, and such notice appears to be

discretionary.  The Court finds that, in this action, notice to absent class members is not necessary.

It is, therefore, ORDERED that:

Plaintiffs' Motion for Class Certification is GRANTED to the extent that the above-captioned case is to be maintained as a class action comprised of:

> All persons who were or will be granted lawful permanent resident status in removal proceedings conducted by the immigration courts in Harlingen, Houston and San Antonio within the Department of Justice's Executive Office for Immigration Review (DOJ/EOIR), or who were or will be granted LPR status by the DOJ Board of Immigration Appeals in cases on appeal from said immigration courts and to whom DHS/USCIS has not issued temporary documentation evidencing LPR status.

The Clerk shall send a copy of this order to the counsel of record for the Parties.

DONE on this ___3/st___ day of March, 2004, at McAllen, Texas.

Ricardo H. Hinojosa
UNITED STATES DISTRICT JUDGE

3